# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

EDISON CARL HESTER,             )
                                        )
        Plaintiff,              )
                                          )
        v.                   )        No. 4:13-CV-893 CAS
                                          )
ST. LOUIS CITY, et al.,         )
                                          )
        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, a pretrial detainee undergoing a competency evaluation at Fulton State Hospital, for leave to commence this action without payment of the required filing fee.  For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will waive the filing fee at this time.  See 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a pretrial detainee currently being held at Fulton State Hospital, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  Seeking monetary damages and injunctive relief, plaintiff asserts in a general fashion that a multitude of his rights have been violated during the past two years while he has been waiting for his state criminal matter to proceed.

Plaintiff claims that he was detained in the City of St. Louis in October of 2010.  He first asserts in his complaint that "apparently a warrant had been issued for the accused," but later states that he was not sure "whether he was being held on a warrant."  He asserts that he was held for questioning relating to several burglaries that had taken place in the North side of St. Louis.  He

claims in a conclusory manner that during the questioning, an unnamed defendant "leaped on top of the table to assault me."  Plaintiff never claims, however, to actually have been assaulted by a defendant.

Plaintiff then states, also in a generalized manner, that he was "denied the opportunity to obtain counsel of any sort," but he fails to state whether he requested counsel during the questioning process or provide any factual allegations surrounding this statement.  Plaintiff states in his complaint that he was appointed counsel at a later point in the process, but he claims to be dissatisfied with his appointed attorney, asserting that he was "prejudiced and biased on every turn in defending his underlying charges" and that he "took the initiative to file [a] fast and speedy trial motion."  Plaintiff claims that "after having been revocated [*sic*] on November 16, 2011, [he] wound up confined at St. Louis City Justice Center."

During plaintiff's time at the St. Louis City Justice Center, he claims that "defendants," broadly, "sought to misuse and abuse the very policy and Court order for use and access to the law library."  Plaintiff also contends that defendants McMorris and Smith "knowingly participated in the violation of Court order and their own policy for access and use of law library," but he does not state that he was actually denied access to the law library or that he was impeded in any legal case as a result of a failure to access legal materials.  Plaintiff also asserts that he was denied access to the use of registered and certified mail for four months by Jazreall Brown and Sandy Jones, who are not named as defendants, but he fails to state what he needed to use the registered or certified mail for.  Moreover, plaintiff states he was told by defendant Smith "via these mailroom workers" that this type of mailing no longer existed at the Justice Center.

He also claims that his speedy trial rights were "hi-jacked" by his appointed attorney, he was "assaulted" by an unnamed St. Louis City Sheriff for moving out of the "well" of the Court during a Court proceeding, and "coerced" by the Judge and the Prosecutor into a plea deal that he refused to take.[1]

Plaintiff additionally complains that he was subjected to a biased competency exam by an unnamed Missouri Department of Mental Health psychiatrist and was told by Patricia Irby, a person at Biggs Mental Hospital who is not named as a defendant, that if he didn't give blood, "Dave Henderson says we will force you to."  He complains generally that being placed in Fulton State Hospital violated his due process rights and he seeks release from Fulton and an "unbiased" competency exam.  He claims he was sent to Fulton with punitive intent, although he fails to articulate the particular defendant he believes had such an intent.

Plaintiff also complains that he was subjected to excessive bail, but in the next sentence he amends his statement to claim that he was provided no bail at all, given that he is currently awaiting trial at a state psychiatric hospital pending a full and complete competency evaluation.  Plaintiff claims generally a denial of his right to speedy trial, defamation by unnamed and unidentified defendants, and an abuse of state process.

--------

[1]Plaintiff has not named either the Judge or the Prosecutor as defendants in this action.  To the extent he should attempt to do so, his claims would be subject to dismissal under 42 U.S.C. § 1983.  Where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity."  Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).  Furthermore, a judge is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'"  Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

In his prayer for relief, plaintiff seeks an injunction or "immediate stay in any and all state proceedings," and "equitable relief in the form of an injunction or order requiring the immediate independent competency evaluation conducted by an independent, private practice professional to determine competency of [plaintiff] to stand trial for the underlying criminal charges."  Plaintiff additionally requests monetary relief.  Named as defendants are: St. Louis City; St. Louis City Commission; St. Louis Sheriff's Office; St. Louis Police Department; Department of Corrections; Keith Schafer, as agent or representative of the Missouri Department of Mental Health; Willie McMorris, an officer or jailor at St. Louis City Justice Center; Julius Smith, a caseworker at St. Louis City Justice Center; and various unidentified John and Jane Does.

### Discussion

As a general rule, a federal court may not intervene either by injunction or declaratory judgment in a pending state criminal proceeding except under extraordinary circumstances where there is a threat of irreparable injury which is both great and immediate.  See Younger v. Harris, 401 U.S. 37, 46 (1971) (injunctive relief); Samuels v. Mackell, 401 U.S. 66, 73 (1971) (declaratory relief).  Plaintiff's allegations fail to indicate that he will suffer "great and immediate" irreparable injury.  Thus, his allegations relating to any civil rights violations that may have occurred during or after his arrest or incarceration should be raised in his ongoing criminal action in state court and are subject to dismissal in the instant action.

Regarding plaintiff's request for "immediate release," habeas corpus is the proper mechanism for an inmate to challenge either the fact or length of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).  In the instant action, plaintiff is challenging the validity of his confinement, a claim cognizable under 28 U.S.C. § 2241, given that plaintiff is a pretrial detainee currently being

held at Fulton State Hospital.  Plaintiff already has a habeas action brought pursuant to § 2241 in this Court.  See Hester v. Martin-Forman, 4:13-CV-455 AGF (E.D. Mo.).  Thus, his habeas claims in the instant action will be dismissed as duplicative.

Last, the following allegations are too conclusory to state a claim for relief under § 1983. Plaintiff states that he was: (1) "not sure he was being held on a warrant," when he was first arrested; (2) an unidentified defendant "leaped on top of a table to assault him" when he was first being interviewed; (3) he was generally (without any additional facts) "denied the opportunity to obtain counsel"; (4) his state-appointed counsel was "biased and prejudiced"; (5) defendants "sought to misuse and abuse the very policy and Court order for use and access to the law library"; (6) he was "denied access to registered or certified mail for four months" (without stating additional facts relating to his supposed use or need for such mail);[2] (7) he was told that he would be forced to give blood; (8) his placement in Fulton was a "pretrial punishment that violates the Due Process Clause"; (9) he was subjected to excessive bail;[3] and (10) he was generally subjected to "defamation and

_____

[2]"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims."  Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996).  Although plaintiff makes general and conclusory allegations regarding the mail system and defendants' failure to comply with their own policies relating to use of the law library, he has failed to allege an actual injury to a pending or contemplated legal claim. As such, any access to courts claim he might be asserting against defendants fails to state a claim under § 1983.

[3]The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII, § 1.  "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish."  United States v. Bajakajian, 524 U.S. 321, 334 (1998).  For excessive fine claims, a plaintiff must allege: (1) gross disproportionality; and (2) the disproportionality is of "such a level of excessiveness that . . . the punishment is more criminal than the crime."  United States v. Dodge Caravan, 387 F.3d 758, 763 (8th Cir. 2004) (quoted case omitted).  Plaintiff has

abuse of process."  All of the aforementioned are broad statements or legal conclusions not entitled

to the assumption of truth that fail to state a plausible claim for relief under § 1983 when the Court

views the assertions in the complaint in their entirety.  See Iqbal, 129 S. Ct. at 1950-51.[4]

     Accordingly,

     **IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is

**GRANTED**.  [Doc. 2]

--------

failed to allege any facts relating to his conclusory claims of excessive bail.  And in fact, as plaintiff himself points out, at this time plaintiff is not being held by the Missouri Department of Corrections but is instead being held by the Missouri Department of Mental Health in a state psychiatric hospital pending a competency evaluation for fitness to stand trial.

    [4]Additionally, the Court notes that many of the defendants named in this action are not subject to suit under § 1983.  The complaint is frivolous against the St. Louis Sheriff's Office and St. Louis Police Department because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).  A suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri.  The State of Missouri, however, is absolutely immune from liability under § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).  In general, fictitious parties, such as John and Jane Does, may not be named as defendants in a civil action.  Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).  The complaint does not contain allegations sufficiently specific to permit the identity of the numerous John and Jane Does that plaintiff describes as "as yet unidentified defendants, perhaps employed by the St. Louis Sheriff's Office, Justice Center St. Louis Center Jail, Metropolitan Police Department, Missouri Department of Mental Health."  See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).  As a result, the complaint is legally frivolous as to these defendants.  Although plaintiff has named Keith Schafer as an individual defendant in this action, he has failed to make any specific allegations of wrongdoing against defendant Schafer.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits).  As such, plaintiff's complaint fails to state a claim with respect to defendant Schafer.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An order of dismissal will accompany this Memorandum and Order.



**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  11th  day of June, 2013.